David R. Giles, Esq.
34 Rynda Road
South Orange, New Jersey 07079
973-763-1500
davidgiles@davidgileslaw.com

Attorney for the Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.M.,<br><br>     Plaintiff,<br><br>v.<br><br>SOMERSET HILLS REGIONAL BOARD OF EDUCATION,<br><br>     Defendant. | Civil Action No.:<br><br><br><br>**COMPLAINT** |

Plaintiff, A.M., alleges as follows:

### JURISDICTION

1.  This court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

### VENUE

2.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendant resides and the acts and omissions giving rise to Plaintiff's claims occurred herein.

## PARTIES

3. Plaintiff, A.M., is and at all relevant times has been a student in the Somerset Hills Regional School District ("the District").

4. Defendant Somerset Hills Regional Board of Education ("the Board") is the body corporate responsible for the conduct and supervision of the District's public schools, which serves students age three through twenty-one residing in the District.

5. The District is a recipient of federal financial assistance from the United States Department of Education, and, as such, it is subject to the requirements of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

6. The District is also a "public entity," and, as such, it is subject to the requirements of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq*.

## COUNT I

**(Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq*.)**

7. Plaintiff incorporates by reference paragraphs 1-6, above, as if fully set forth herein.

8. A.M., whose date of birth is May 18, 2024, resides in the homes of his parents, A.M. and A.M., who reside separately, respectively, in Bernardsville, New Jersey, and, South Bound Brook, New Jersey, and who jointly support him.

9. He is classified as a student with a disability eligible for special education and related services under the category, "Autism."

10. He is an adult student who is diagnosed with autism spectrum disorder (ASD) and ADHD.

11. He is an intelligent student with a Full-Scale IQ of 111, in the High Average range.

12. He is currently placed by the District pursuant to his Individualized Education Program (IEP) at The Center School in Somerset, New Jersey, where he receives services through its Transition Program, which is designed for students age eighteen through twenty-one.

13. During middle school, at the age of 13, A.M. was excluded from the District's public schools for several months because of unjustified fears related to something he said and his disability.

14. After that, because of these unjustified fears, he was not allowed to return to the public schools, and he was placed at The Center School, which was never an appropriate placement for him.

15. As a result, he has not received an appropriate IEP at school ever since then and he has not made progress in school that is appropriate in light of his cognitive ability and individual circumstances.

16. By excluding A.M. from the District's public schools and placing him in an inappropriate out-of-district placement because of unjustified fears related to something he said and his disability, the Board has discriminated against A.M. on the basis of his disability in violation of the Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*

**WHEREFORE,** Plaintiff demands judgment in his favor and against the Board and an order granting the following relief:

A. An order directing the Board to implement an appropriate IEP for A.M.

B. An award of compensatory educational services;

C. An award of compensatory damages;

D. An award of reasonable attorneys' fees and costs; and

E. Such other relief as is just and appropriate.

## COUNT II

**(Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794)**

17. Plaintiff incorporates by reference paragraphs 1-16, above, as if fully set forth herein.

18. By excluding A.M. from the District's public schools and placing him in an inappropriate out-of-district placement because of unjustified fears related to something he said and his disability, the Board has discriminated against A.M. on

the basis of his disability in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the Board and an order granting the following relief:

A.  An order directing the Board to implement an appropriate IEP for A.M.

B.  An award of compensatory educational services;

C.  An award of compensatory damages;

D.  An award of reasonable attorneys' fees and costs; and

E.  Such other relief as is just and appropriate.

Dated: May 20, 2024                    s/ David R. Giles
                                       Attorney for the Plaintiffs